Filed 10/29/15  P. v. Dorsey CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>RODNEY L. DORSEY,<br><br>　　　　Defendant and Appellant. | A142289<br><br>(City & County of San Francisco<br>Super. Ct. No. 215442) |

Defendant Rodney L. Dorsey pleaded guilty in 2011 to failing to register as a sex offender and admitted a prior conviction under California's Three Strikes law.  The court suspended imposition of sentence and placed defendant on probation.  Upon revoking his probation in 2014, the trial court sentenced defendant to serve four years in state prison.  On appeal, defendant argues that the trial court erred because it was unaware it had discretion to strike his prior conviction before imposing sentence.  We agree with defendant and shall remand the matter to allow the trial court to exercise its sentencing discretion.

**FACTUAL AND PROCEDURAL BACKGROUND**

In May 2011, the District Attorney for the City and County of San Francisco filed a three-count information charging defendant with failing to register as a sex offender upon release from confinement (Pen. Code,[1] § 290.015, subd. (a)), failing to update his sex offender registration annually (§ 290.012, subd. (a)), and failing to register as a sex

_____

[1]All further statutory references are to the Penal Code.

1

offender after an address change (§ 290, subd. (b)). The district attorney further alleged that defendant had suffered three prior strikes under California's Three Strikes law (§§ 667, subds. (d)–(e), 1170.12, subds. (b)–(c)) and five prison priors under section 667.5, subdivision (b).

In October 2011, defendant pleaded guilty to failing to register as a sex offender after an address change. (§ 290, subd. (b).) He also admitted one prior conviction under California's Three Strikes law. (§ 667, subd. (d).) In exchange for the plea, the trial court dismissed the remaining counts and enhancements upon the motion of the prosecutor. In August 2013, the trial court suspended imposition of sentence and placed defendant on probation for three years.

In January 2014, the district attorney moved to revoke defendant's probation. The revocation petition was based in part on an allegation that defendant sexually assaulted a woman while in a homeless encampment.

The court conducted a probation revocation hearing in May and June 2014. The prosecution presented evidence that defendant touched the female victim's genital area and restrained her while she was sleeping in a homeless encampment. At one point, defendant choked the victim, who briefly lost consciousness. Defendant told an officer that he had been pursuing the victim as a girlfriend but that she indicated she did not want a relationship with him. Defendant denied sexually assaulting the victim. He told an officer that she falsely accused him because he had refused to give her heroin.

The trial court revoked defendant's probation after finding that defendant had violated its terms. At the conclusion of the probation revocation proceeding, the trial court stated that its task was to "decide whether to sentence [defendant] to 16 months or two years or three years in state prison" for the offense of failing to register as a sex offender, and whether to double that sentence under the Three Strikes law. Before proceeding, the court asked the question: "Does the Court have any jurisdiction to essentially not impose the strike or is that mandatory? I have not researched the issue. I'm going to give you an opportunity to research that issue if you want to come back." The prosecutor stated that the court could not dismiss the strike because "it is a 667(a)."

Defendant's trial counsel responded that the court "has to impose the strike" if it sentenced defendant to state prison.

Before imposing sentence, the court told defendant that "if I am to sentence you to state prison, I would have to double the term. That is the law." The court proceeded to impose a sentence of four years in state prison, composed of the middle term of two years for failing to register (§ 290, subd. (b)), doubled to four years under the Three Strikes law as a result of one prior strike (§ 667, subd. (e)(1)). Defendant timely appealed.

**DISCUSSION**

On appeal, defendant contends the court erred because it was unaware of its discretion to dismiss the prior strike. He also argues that his trial attorney provided constitutionally defective representation in advising the trial court that it was bound to impose the strike if it sentenced defendant to prison. The People concede that the court erred and agree that the matter should be remanded to allow the court to exercise its discretion to consider striking the prior conviction. The concession is well taken.

If a defendant has one prior serious or violent felony conviction under the Three Strikes law that has been pleaded and proved, then the determinate term of the sentence "shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 667, subd. (e)(1).) However, a trial court has discretion under section 1385, subdivision (a) to strike the prior conviction for purposes of sentencing if it finds that the defendant falls outside the spirit of the Three Strikes law. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529–530.) A trial court retains discretion to strike a prior felony conviction in the interests of justice when the court has suspended imposition of sentence and subsequently revokes the defendant's probation. (See *People v. Meloney* (2003) 30 Cal.4th 1145, 1165.)

A trial court's refusal or failure to dismiss a prior strike under section 1385 is subject to review for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) "[A]n abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss . . . ." (*Id.* at p. 378.) That is so because a trial court necessarily

3

does not exercise informed discretion when it is unaware of the scope of its discretion. (See *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)

In this case, the record reveals that the trial court abused its discretion because it was unaware of the discretion afforded under section 1385, subdivision (a). When the court inquired whether it had discretion to strike the prior conviction, both the prosecutor and defense counsel advised the court that it had no such discretion. The court believed it had no choice but to impose the strike and double defendant's prison term.

When the record affirmatively discloses that the trial court misunderstood the scope of its discretion, remand to the trial court is required to permit the court to impose a sentence with full awareness of its discretion. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944.) On remand, the trial court must conduct a hearing "to determine whether to dismiss" the prior strike "pursuant to section 1385. If the court decides to dismiss [the strike], the court should proceed to resentence defendant. If the court decides not to dismiss [the] finding, the court should remand defendant to the custody of the Department of Corrections to serve the remainder of his term." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260.)

In light of our conclusion that the matter must be remanded to allow the court to exercise its discretion, it is unnecessary to address defendant's alternative argument that his trial counsel provided constitutionally ineffective assistance of counsel.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court for the limited purpose of determining whether to dismiss defendant's prior strike and, if necessary, for resentencing.

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Siggins, J.

*People v. Dorsey*, A142289

5